Good morning. May it please the court, my name is Melissa Jones and I represent the appellant Michael Huftile. I know there's no one here from the state. Apparently not, so I will not reserve any time for rebuttal. That's good. The district court's order dismissing Mr. Huftile's section 1983 complaint as barred under Heck v. Humphrey should be reversed. Excuse me. Because the favorable termination rule in Heck does not apply in the present case. As explained in this court's ruling in Ramirez v. Galazza, the favorable termination rule does not apply where section 1983 claim, if successful, would not impact the fact or length of the petitioner's confinement. The factual circumstances in this case are quite relevant. Mr. Huftile, his 1983 action challenges the evaluation and the procedures and policies used by Miccio-Fonseca, one of his evaluators who initially evaluated him, and as a result he was committed to a two-year sentence, a commitment rather, in Atascadero State Hospital. That commitment term expired on November 19, 2004. Under the state statutory scheme, two evaluators must reevaluate Mr. Huftile in order for them to extend his commitment. I have a case citation that I will submit to the deputy clerk. And you claim the case is not moot, right? The 1983 action is not moot. Because he's seeking damages. Because he's seeking damages. That's correct. And he's seeking damages for what? He's seeking damages based on his term of confinement as the impact that the evaluators. He's seeking damages for the time he spent. For the time that he spent. Spent in confinement, right? Yes, that's correct. Well, how can he possibly get relief? How can he possibly get damages for that without somewhere along the way some, you know, district court or this Court finding that he was not properly put into confinement based on the affidavit of the defendant here? I think that the Court would have to make that determination.  Why isn't that right on all fours with Heck v. Humphrey? It's not because. Three other four, anyway. Because under Ramirez v. Galazza and Neal v. Shimoda, the Ninth Circuit has ruled that where a 1983 action, even if successful, would have no impact on the continuing confinement of the person, the length or the fact of the confinement, the Section 1983 action can proceed. So if somebody gets out of prison, they serve their time in prison, they get convicted, they serve their time, then they get out and sue the officers for manufacturing evidence, the arresting officer for manufacturing evidence for a bad arrest or whatever, you think that would not be barred by Heck v. Humphrey because the guy is out of prison? I don't think it would be barred by Heck v. Humphrey, particularly in our situation where he is a civil detainee. And if he is, he may be recommitted. The State has indicated that they have the intent of extending his commitment term. May be recommitted wouldn't be a damage suit. It would be some sort of injunctive relief. The injunctive relief he is seeking, however, under his 1983 claim, the way that he has framed his claim, it's specifically related to Mikko Fonseca. I see. Did he ever seek habeas during the period of his confinement during those two years? He has not. And I don't know if he has had the opportunity yet because I think some of his appellate issues are still pending in the State courts. I just want to say, he was released on November 19th? Well, that was when his term expired. And he was in the custody of the Department of Corrections. They recently transferred him back to the Atascadero State Hospital, and he has not received any notification. So he's currently at Atascadero? He is currently at Atascadero as of three days ago. And he's not free to leave Atascadero? He's not free to leave Atascadero. And he could file a writ of habeas corpus today to seek his release from Atascadero? He could, and I think he still may, regardless of how the court rules on the present action. But I think that his 1983 claim, which is specifically related to the evaluation conducted by Mikko Fonseca, would not be the proper basis for a habeas action if it's framed in the way that he has framed his 1983 action. It would be no. If we were to award him damages in the 1983 claim, were we to rule in his favor and the district court to award him damages based upon what he claims to be the wrongful conduct of Dr. Fonseca, would that necessarily invalidate the premise for his confinement? Would that necessarily, can you repeat that? Validate the premise for his confinement. That is to say, will it come within that aspect of the rule of Heck? His ongoing confinement, no. His past confinement. His past confinement, I think it would, yes. So if this comes within the scope of Heck, if, for example, confinement pursuant to commitment under the Sexually Violent Predators Act is the equivalent of confinement after a criminal conviction, this would come within Heck? I disagree, Your Honor. Okay, because? Because of Ramirez v. Galazza and Neal v. Shimoda. But that's an argument meaning Heck doesn't apply once somebody is out and can no longer apply for habeas? That's correct. It doesn't apply when someone has been released or when it won't affect the ongoing commitment term. I need to explain. And that would apply equally in a criminal case and a civil commitment case. That would. I think I need to clarify something in the state statutory scheme. I looked at a recent case that came out from the California Court of Appeal, Littman v. Superior Court, and I will give the deputy clerk the citation. It's 21 Cal Reporter, 21 Cal Reporter 3rd, 21. It came out last month. The court in that case confirmed that for the extension of a commitment period for someone who is being held under the Sexually Violent Predators Act, the state must conduct a new evaluation. An evaluation that's even one year old is considered stale. And the state cannot look back and rely on the evaluations that were conducted at the initial phase of the confinement. So if this Mr. Huftal were to prevail in his Section 1983 claim and the court were to determine that the evaluator, defendant, violated his constitutional rights, engaged in practices and procedures that were improper, that would not necessitate his release because he will be confined again if and only if. I think you're reading Heck more narrowly than it was written. I don't think that the court was saying you can't challenge a conviction because he might be let out. I think they were basically saying you can't get damages for having been confined if doing so would impeach the validity of the conviction. I do think that that's how Heck was written. But I think it has been interpreted by this court in subsequent opinions more narrowly to permit a Section 1983 claim to proceed if a successful result would have no impact on the length or fact of the confinement moving forward. Okay. I think I understand your argument. I'm not sure if I do understand it. And this is based on what case again? Ramirez v. Galazza. It's a Ninth Circuit decision, 2002. It's in the briefs. Also, Neal v. Shimoda, another Ninth Circuit opinion in 1997. And, again, I think the state statutory scheme is significant in this case because a new evaluation must be conducted in order to recommit Mr. Huftile or extend his commitment term. And that case, which I will give the citation to the deputy, is Littman v. Superior Court, 21 Cal Reporter 3rd, 21. And it was decided last month by the Sixth District Court of Appeal. Okay. If there are no further questions, I'd like to submit. Thank you. Thank you. Thank you. We thank counsel for argument and also for accepting the appointment by this court to be counsel in this case. We'll next hear argument in United States v. Scott.
judges: Kozinski, W. Fletcher, Bybee